## CHARLES WAMPLER v. THE STATE.

*No. 2826.   Decided February 1.*

1. **Indictment—Arrest of Judgment.**—A joint indictment against P. and W. for theft alleged their respective names correctly in the first instance, but in charging the intent alleged incorrectly the christian name of P., and the surname of W.   Upon the ground that the variance was fatal to the indictment the defense moved in arrest of judgment.  *Held*, that the motion was properly overruled.   The rule is that if the christian name is first stated correctly and afterwards incorrectly, the incorrect statement thereof may be rejected without affecting the indictment.   Approving Musquez v. The State, 41 Texas, 226.   The same rule applies as to the surname of a defendant. Approving Cotton v. The State, 4 Texas, 260.

2. **Practice—Continuance—Bill of Exceptions.**—The ruling of the court refusing an application for continuance will not be considered on appeal in the absence of a bill of exceptions.

3. **Confession—Charge of the Court.**—It is only when the inculpatory evidence is wholly circumstantial that the trial court is required to charge the jury upon that character of evidence.   A confession, although made to and proved by an accomplice, is not circumstantial but is direct evidence.

4. **Charge of the Court.**—The proof shows that the defendant stole the horse in Palo Pinto County; that he took it to Parker's house, in Parker County; that Parker there borrowed the horse to ride into Erath County, and that defendant went with Parker into Erath County, Parker riding the horse into Erath County.   Under this state of proof the court charged the jury that the act of Parker in taking the horse into Erath County was the act of defendant.  *Held*, correct.  And this would be so whether or not Parker knew that the horse was stolen property.

APPEAL from the District Court of Erath.   Tried below before Hon. C. K. Bell.

The conviction was for horse theft, and the penalty assessed was a term of six years in the penitentiary.

The opinion discloses the case.

*Thos. B. King* and *M. F. Martin*, for appellant.

*W. L. Davidson*, Assistant Attorney-General, for the State.

WILLSON, JUDGE.—The charging part of the indictment is as follows: "That Charles Wampler and T. A. Parker, on the 15th day of August, in the year of our Lord one thousand eight hundred and eighty-nine, in the county of Erath, and State of Texas, then and there one certain horse not their own, nor the property of either of them, but the same then and there being the corporeal personal property of D. D. Anderson, from the possession of the said owner, without the consent of the said owner, with the intent to deprive the said owner of the value of the same, and with the intent to appropriate it to the use and benefit of them, the said Charles Wamplene and J. A. Parker, did then and there fraudulently take, steal, and carry away."

A motion in arrest of judgment based upon the supposed insufficiency of the indictment was overruled. It will be observed that the names of the defendants as first stated in the indictment are differently stated in charging the intent; that is, as first stated, the christian name of Parker is "T. A.," while in charging the intent it is alleged to be "J. A.," and the surname of Wampler is alleged to be "Wamplene." This variance in the names was made the specific ground of the motion in arrest of judgment, and is insisted upon by counsel for defendants as a fatal defect in the indictment.

While the indictment appears to have been carelessly and awkwardly drawn, still, we think, it must be held substantially sufficient. The defendants' names were alleged correctly in the first instance. In repeating them they are referred to as "them, the said J. A. Parker and Charles Wamplene." In Musquez v. The State, 41 Texas, 226, it was held that where the name of a defendant had been first stated correctly, but afterwards stated incorrectly as to his christian name, the incorrect statement of his christian name might be rejected without affecting the indictment. And it has been held that the same rule applies to the surname of a defendant. Cotton v. The State, 4 Texas, 260. In this indictment, therefore, under the authority of the cases above cited, the names of the defendants having been first correctly alleged, the incorrect statement of the christian name of Parker and of the surname of Wampler may be rejected without affecting the validity of the indictment. See also 1 Bish. Crim. Proc., sec. 689a.

There being no bill of exception in the record to the action of the court overruling the defendant's application for a continuance, that matter can not be considered. Willson's Crim. Stats., sec. 2187.

This is not a case which required a charge on circumstantial evidence. State's witness Parker testified directly that the defendant told him that he had stolen the horse in Palo Pinto County from D. D. Anderson, the owner. Although the witness Parker was an accomplice in the theft, this fact did not make the case one dependent wholly upon circumstantial evidence, so as to demand a charge upon that character of evidence. Willson's Crim. Stats., sec. 2342.

We find no error in the charge of the court. It is proved by the testimony in the case that the defendant stole the horse in Palo Pinto County; that he took said horse to Parker's house in Parker County; that Parker there borrowed the horse of defendant to ride into Erath County, and defendant went with Parker into Erath County, Parker riding said horse. Upon this state of facts we think the court charged the law fully, pertinently, and correctly to the effect that the act of Parker in carrying the horse into Erath County was the act of the defendant Wampler, and whether or not at the time of such act Parker knew that the horse had been stolen

by defendant would not in our opinion affect the question of the defendant's guilt.

We are of the opinion that there is no error in the conviction, and the judgment is affirmed.

*Affirmed.*

Hurt, J., absent.