### MIGUEL RIOS v. THE STATE.

No. 1915. Decided November 23, 1898.

**1. Wife as a Witness.**

On a trial for theft of cattle, where two parties were separately indicted, the wife of the one not upon trial was a competent witness against the other on trial where it is apparent that there was an agreement between the district attorney and her husband by which his case was to be dismissed, and especially so where her testimony was not used against but exculpatory of her husband.

**2. Same—Agreement to Dismiss a Prosecution.**

An agreement to dismiss the prosecution against a husband for the purpose of obtaining the testimony of his wife against a codefendant separately indicted, can be enforced in the case of the latter, and there is no error in admitting her testimony in the latter case.

**3. Accomplice Testimony—Charge on Circumstantial Evidence.**

A charge on circumstantial evidence is not required where there is positive testimony, even though it be that of an accomplice.

APPEAL from the District Court of Atascosa. Tried below before Hon. M. F. LOWE.

Appeal from a conviction for theft of cattle; penalty, two years imprisonment in the penitentiary.

The indictment charged appellant with the theft of one head of cattle, the property of G. M. Mangum.

Mrs. Hettie Miller (designated in the statement of facts as Mrs. Chas. E. Miller) having been sworn as a witness for the State, defendant objected to her testifying as a witness against him, for the reason that she was the wife of Charley Miller, and that Charley Miller stood at the time charged by indictment in the District Court of Atascosa County with the theft of the same animal for the theft of which defendant was on trial, which was admitted by the district attorney. It was also at the time admitted by counsel for the defendant that the district attorney had agreed with the said Miller to dismiss said indictment against him,

for the reason that there was not sufficient evidence against him to sustain said charge.

Defendant's objections were overruled, and said witness allowed to testify to facts damaging and prejudicial to defendant.

Gonzales Lombres testified, in substance, that the defendant, Miguel Rios, his brother, Martiano Rios, and himself killed the alleged stolen animal, and that he intended pleading guilty in his case.

*W. O. Read,* for appellant.—As to the incompetency of the testimony of Mrs. Miller, wife of codefendant Chas. E. Miller, see Dungan v. State, 45 Southwestern Reporter, 19; Dill v. State, 1 Texas Criminal Appeals, 278; Jones v. State, 38 Texas Criminal Reports, 87.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of cattle theft, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

On the trial Mrs. Hettie Miller was introduced as a witness by the State. Her husband, Charley Miller, was separately indicted for the same offense of which the defendant was then on trial. Because of the pending indictment against her husband, it was urged that Mrs. Miller was not a competent witness against the defendant. Her testimony was to some extent material in making out the case against appellant; and it may be stated here, also, that it exonerated her husband. It is provided by statute that the husband and wife can not testify against each other, but may be witnesses for each other. This case differs from the Bluman Case, 33 Texas Criminal Reports, 43, in this: In that case the husband testified, and the wife was then used as a witness, and the conclusion reached under this state of case was that, because the husband was used as a witness in the case, therefore the wife should be used. Here the husband did not testify and the wife did. However, there was an agreement in this case made between the district attorney and the husband, by which his case was to be dismissed from the docket, and the reasons are stated in the bill of exceptions, but are not necessary to be noticed. As presented by the bill of exceptions and the record, the wife could not be used against her husband, either directly or indirectly, because there was no possibility of his being tried under the pending indictment. Under this agreement made between the husband and the district attorney, the pending case against said husband would have to be dismissed. While this is not exactly the same state of case as that of Camron v. State, 32 Texas Criminal Reports, 180, yet, as we understand it, the principle is the same. Here, while there is no agreement that the husband should turn State's evidence, yet there was an agreement to dismiss this case, evidently for the purpose of obtaining the testimony of the wife in the trial of this appellant. If the decision of Camron v.

State, supra, is correct, then the agreement could be enforced in this case. There was no error in admitting this testimony.

Appellant reserved an exception to the failure of the court to submit the law of circumstantial evidence. In this there was no error. The testimony as to the taking was positive. It is true that the witness who testified to the taking was an accomplice, but that fact does not make it a case of circumstantial evidence. The evidence was direct and positive as to the taking, driving up, and butchering the animal. This relieved the court of the necessity of giving a charge on circumstantial evidence.

Appellant contends that the evidence is not sufficient to support the conviction. The testimony is overwhelming and conclusive, and the verdict of the jury is fully supported by the evidence. The judgment is affirmed.

*Affirmed.*

HURT, Presiding Judge, absent.

[NOTE.—Appellant's motion for a rehearing was overruled without a written opinion.—Reporter.]