Ramon Martinez v. The State.

No. 897.  Decided January 18, 1911.

**1.—Theft of Hog—Circumstantial Evidence—Charge of Court.**

Where, upon trial of theft of a hog, there was positive proof by an eyewitness that defendant took the hog, and the testimony of the accomplice was corroborated by the finding of the fruits of the crime, it was not necessary to charge on circumstantial evidence.

**2.—Same—Charge of Court—Accomplice Testimony.**

Where, upon trial of theft of a hog, the charge of the court on accomplice testimony followed approved precedent, there was no error.

**3.—Same—Sufficiency of the Evidence.**

Where, upon trial of theft of a hog, the evidence sustained the conviction, the same will not be disturbed.

Appeal from the District Court of Dimmit. Tried below before the Honorable J. F. Mullally.

Appeal from a conviction of theft of a hog; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—The appellant in this case was indicted, tried, convicted and sentenced to a term of two years in the penitentiary, in the District Court of Dimmit County, being charged with the theft of a hog.

1. The appellant complains that the court erred in not giving in charge the law controlling circumstantial evidence. There was positive proof by an eyewitness that appellant took the hog. Other witnesses swore he brought fresh hog meat to the camp. It is true the court held all these witnesses were accomplices, but they were corroborated by the head and other parts of the hog being found at the place where one of the witnesses stated he had helped to conceal it, and by other facts. Under this state of case, it is not necessary to give such charge. Hardin v. State, 8 Texas Crim. App., 653; Makinson v. State, 16 Texas Crim. App., 133. It was necessary for the witnesses to be corroborated by other testimony, and the court gave a proper charge in regard thereto.

2. In the second bill of exceptions complaint is made that the court erred in using the following language in his charge: "You are instructed that Juanita Lopez, and other witnesses named, are all accomplices." When we read the entire paragraph relating to accomplice testimony we find it worded in accordance with the rule laid down in the case of Campbell v. State, 57 Texas Crim. Rep.,

301; 123 S. W. Rep., 584; in fact, the charge is almost in the exact language of the one there approved.

3. The only other ground assigned is that the evidence is insufficient. We have carefully read the record, and the evidence. The jury heard the testimony, and in their opinion appellant was guilty, and we are not disposed to disturb the verdict where the testimony, if believed, justifies the jury in so finding.

The judgment is affirmed.

*Affirmed.*