## C. A. JOHNSON v. THE STATE.

### No. 2674. Decided December 3, 1913.

### Rehearing denied January 7, 1914.

**1.—Theft of Mule—Venue—Jurisdiction.**

Article 245, Code Criminal Procedure, expressly provides that where property is stolen in one county and carried by the defendant into another, he may be prosecuted in either, and to sustain the allegation of venue, it shall only be necessary to prove that by reason of the facts existing in the case, the county where such prosecution is carried on has jurisdiction.

**2.—Same—Venue—Presumption—Practice—Reasonable Doubt.**

Under article 938, Code Criminal Procedure, this court will presume that the venue was proven in the court below, unless such question was made an issue in the court below and it affirmatively appears to the contrary by a bill of exceptions properly allowed, and the question can not be raised on motion for new trial or by requested charge, nor need it be proved beyond a reasonable doubt.

**3.—Same—Circumstantial Evidence—Charge of Court.**

Where defendant's guilt did not depend purely upon circumstantial evidence, there was no error in the court's failure to charge thereon.

**4.—Same—Husband and Wife—Cross-examination—Charge of Court.**

Where, upon trial of theft of a mule, it was a material question where defendant was at a certain time, and defendant introduced his wife, who testified that he was at home during that time, and that he left early in the morning saying that he was going to a certain place, and she denied on cross-examination that she told a State's witness that her husband was going to a different place, there was no error in permitting the State to show by said witness that she did make that statement to him, the court properly limiting said testimony to her impeachment. Following Dobbs v. State, 54 Texas Crim. Rep., 550, and other cases.

**5.—Same—Alibi—Charge of Court.**

Where, upon trial of theft of a mule, defendant claimed an alibi under the evidence, the court properly charged thereon, there was no error.

**6.—Same—Sufficiency of the Evidence.**

Where, upon trial of theft of a mule, there was other evidence in addition to the testimony of an accomplice which supported the conviction, there was no error.

**7.—Same—Circumstantial Evidence—Charge of Court—Accomplice.**

It is not error to fail to charge on circumstantial evidence although the only direct evidence is that of an accomplice, and where the court required proper corroboration of the accomplice testimony, there was no error in the court's failure to charge on circumstantial evidence. Following Wampler v. State, 28 Texas Crim. App., 353, and other cases.

**8.—Same—Husband and Wife—Cross-examination—Impeachment.**

Where defendant's wife testified that he stayed at her house all night and left there the next morning with the accomplice, telling her where he was going, and it became material for the State to impeach her testimony on this point, it clearly had a right to do so. Following Smith v. State, 44 S. W. Rep., 520, and other cases.

Appeal from the District Court of Taylor. Tried below before the Hon. Thomas L. Blanton.

Appeal from a conviction of theft of a mule; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Brooks & Brooks,* for appellant.—On question of court's failure to charge on circumstantial evidence: Stewart v. State, 160 S. W. Rep., 381; Davis v. State, 45 Texas Crim. Rep., 132.

On question of cross-examination of wife: Hamilton v. State, 37 S. W. Rep., 431; Richards v. State, 110 S. W. Rep., 432; March v. State, 54 Texas Crim. Rep., 144, 112 S. W. Rep., 320.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Presiding Judge.—Appellant was convicted of the theft of a mule and his punishment fixed at the lowest prescribed by law.

The indictment charges that the offense was committed in Taylor County, Texas. The jury evidently believed the testimony by the State to the effect that, whether the actual original taking was in Taylor or Fisher County, appellant carried the stolen mule into Taylor County. Our statute, article 245, Code Criminal Procedure, expressly provides that where property is stolen in one county and carried by the offender to another, he may be prosecuted in either. Article 257 provides that the indictment may allege that the offense was committed in the county where the prosecution was carried on; and to sustain the allegation of venue it shall only be necessary to prove that by reason of the facts existing in the case, the county where such prosecution is carried on has jurisdiction. Appellant attempted to raise the question of venue in this case for the first time in his motion for a new trial. He has no bill of exceptions whatever on the question. Our statute, article 938, Code Criminal Procedure, expressly requires that this court shall presume that the venue was proven in the court below, unless such question was made an issue in the court below, and it affirmatively appears to the contrary by a bill of exceptions properly signed and allowed by the judge of the court below. This court has repeatedly held that the question of venue can not be first raised by the motion for new trial, nor by a requested charge. Scott v. State, 42 Texas Crim. Rep., 607; McGlasson v. State, 38 Texas Crim. Rep., 351; Barker v. State, 47 S. W. Rep., 980; Washington v. State, 77 S. W. Rep., 810; Brantly v. State, 42 Texas Crim. Rep., 293; Munger v. State, 57 Texas Crim. Rep., 384; Wynne v. State, 41 Texas Crim. Rep., 504. Venue does not have to be proven beyond a reasonable doubt. If from the facts in evidence the jury may reasonably conclude that the offense was committed in the county alleged, it is sufficient.

The State introduced positive testimony, if believed, which showed that appellant stole the mule and carried it into Taylor County. In other words, the testimony of his guilt was not dependent purely upon circumstantial evidence. When such is the case a charge on circumstantial evidence is not required, and should not be given. Sec. 813, White's Ann. C. C. P.

A very material question in this case was as to the whereabouts of appellant Wednesday night and Thursday morning. John Baird, an accomplice, who testified for the State, by his testimony showed that he and appellant left appellant's house early Wednesday night; that appellant went to a pasture and caught said alleged stolen mule, and that they together, that night, in appellant's buggy, drawn by Baird's horse, took the mule to Abilene, in Taylor County, reaching there early the next morning before or about daylight; that appellant left Abilene soon after they reached there, leaving him to sell the mule, which he did or attempted to do, and that appellant took his, Baird's, horse and the buggy at Abilene and returned to his home some thirty to forty miles distant from Abilene, reaching there Thursday evening. Besides this, the State introduced other testimony showing that appellant was seen

coming from the direction of Abilene some fifteen miles from his residence, going towards his residence, driving this horse and buggy; and that he reached his home with said horse and buggy Thursday evening and turned the horse in his lot or pasture. It became quite a material question in the case where appellant was Wednesday night, and where he was, and went, Thursday morning. Appellant introduced his wife as a witness for him, who testified that he was at home all night Wednesday night and that he left home early the next morning about 7 o'clock, and at the time he left told her where he was going, and that was to Bush to see Mr. Derrington. On cross-examination, over appellant's objection, the State was permitted to ask her if she had not told Mr. Owens about the middle of the morning, Thursday morning, that her husband and said Baird had gone to Mulberry Canyon that morning, and not to Bush, where she had just testified her husband said he was going. She denied making any such statement to Owens. The court then permitted the State to introduce Owens who testified that at said place and time she told him that her husband and Baird had gone to Mulberry Canyon that morning. Appellant's objections, in effect, were that he had not on direct examination brought this out, and it was irrelevant and immaterial, and by it the State sought to impeach her; and the wife could not be used as a witness against him, or cross-examined on something not brought out by him in his direct examination. The statute and rule is that incriminating new matter against the husband can not be brought out in cross-examination of the wife by the State. But certainly that does not, and has never been held to, prevent any legitimate cross-examination of the wife which contradicts or tends to contradict or impeach her testimony in chief. As stated above, where appellant was Wednesday night, and was and went Thursday morning, was very material. She testified for her husband, as stated above. Then whether or not he was at home and left there early Thursday morning to go to Bush, and that he so stated to her at the time, was material. That she, when first seen that morning, told Mr. Owens that her husband and John Baird had gone to Mulberry Canyon, which she denied telling him, was a material contradiction and impeachment of her testimony, and was admissible. The court at the time the question was asked her by the State and her testimony given expressly limited it to impeachment of her, and so he did when Owens' testimony was given. In addition to this, in charging the jury, he so expressly limited the jury to the consideration of it for that purpose alone. Swanney v. State, 66 Texas Crim. Rep., 293, 146 S. W. Rep., 548; Dobbs v. State, 54 Texas Crim. Rep., 550; Exon v. State, 33 Texas Crim. Rep., 461; Creamer v. State, 34 Texas, 173; Buchanan v. State, 41 Texas Crim. Rep., 127; Hampton v. State, 45 Texas, 154; Shelton v. State, 34 Texas, 662; Magruder v. State, 35 Texas Crim. Rep., 214; Brown v. State, 61 Texas Crim. Rep., 334; Reagan v. State, 157 S. W. Rep., 483; Grimes v. State, 71 Texas Crim. Rep., 614, 160 S. W. Rep., 689, not yet officially reported.

The court's charge on alibi in appellant's favor is in the language that has many times been passed upon and approved by this court.

While we have not taken up each of appellant's grounds in his motion for new trial, all questions raised thereby are embraced in this opinion. In addition to the testimony of the accomplice, which, if believed, was amply sufficient to sustain the conviction, he is otherwise supported and corroborated by many facts and circumstances proved by other witnesses. The judgment will be affirmed.

*Affirmed.*

### ON REHEARING.

#### January 7, 1914.

PRENDERGAST, PRESIDING JUDGE.—Appellant has only two grounds of complaint in his motion for rehearing. The first is to the action of the court in refusing to give his special charge on circumstantial evidence. We did not particularly discuss this question in the original opinion, deeming it unnecessary. We will now state and discuss it.

The court did not charge on circumstantial evidence. Appellant requested a charge on that subject, which the court refused. The question is raised by appellant in his motion for a new trial (7a) by claiming the court erred in failing and refusing to give his special charge on the subject, quoting the charge, and then states the reason his charge should have been given, because there was no evidence offered by the State which shows or tends to show that defendant had anything to do with the original taking of this mule, except the uncorroborated evidence of John Baird, the accomplice; and because the testimony of said Baird shows conclusively that at the time he and defendant took said mule and prior thereto, defendant pointed out the mule to Baird and claimed it as his mule; then contends that if he did take the mule, it must have been by appellant and put in his pasture prior to November 6th and prior to the time Baird's testimony shows it was taken from defendant's pasture. Then concludes, "all of which is shown by bill of exceptions No. 8." There is no such bill in the record or any other raising or presenting this question. We have carefully again considered the evidence and especially on this point. It does not show that appellant had any pasture. Mrs. Johnson, his wife, testified: "We lived on the Matthews ranch in Fisher County." No witness testified that appellant owned or controlled any pasture at the time and just before this mule was stolen. Mr. Carroll, the owner, testified, which was not disputed, that he kept this mule in his pasture which was right at where appellant then lived, Carroll's pasture being only across a little lane thirty or forty feet wide from where appellant then lived. In his testimony he also showed that this mule was stolen on the 6th or 7th of November, 1912. Baird testified that appellant and he took this mule the night of the 6th, carried it to Abilene that night and had it at Abilene early the next morning. The mule, by several witnesses, was shown to be

at Abilene early on the morning of the 7th. The fact, if it be a fact, that in the evening of the 6th appellant and Baird were riding about and coming in sight of this mule, appellant pointed it out to Baird and claimed it as his mule, would not show that he had previously stolen the mule. Baird's testimony is that they were then in *the* pasture. Whose he did not say. Evidently it was that of Carroll. Certainly, it is not shown that it was in any pasture owned or controlled by appellant. Baird says appellant drove that mule up in his lot and caught it that night, and that they, together, that night took it to Abilene.

It has been so many times and uniformly decided by this court that it is not error to fail to charge on circumstantial evidence, though the only direct evidence is that of an accomplice, we deemed it unnecessary to discuss and decide the question in the original opinion. In his motion for new trial, as shown above, in effect he states that the evidence of John Baird, the accomplice, does show that appellant originally took this mule and the record shows that John Baird did so testify. His evidence as to the offense was sufficiently corroborated, as required by the court's charge and the law, and the court did not err in not charging on circumstantial evidence. Wampler v. State, 28 Texas Crim. App., 353; Thompson v. State, 33 Texas Crim. Rep., 223; Kidwell v. State, 35 Texas Crim. Rep., 267; Rios v. State, 39 Texas Crim. Rep., 675; McKinney v. State, 48 Texas Crim. Rep., 405; Tune v. State, 49 Texas Crim. Rep., 448; Hanks v. State, 55 Texas Crim. Rep., 451; Rios v. State, 48 S. W. Rep., 505; Barber v. State, 69 S. W. Rep., 515; Williams v. State, 45 S. W. Rep., 494; Martinez v. State, 61 Texas Crim. Rep., 29, 133 S. W. Rep., 881.

Appellant's other complaint is that this court was wrong in the original opinion in holding that appellant's wife could be impeached as stated and shown in the original opinion. It is unnecessary to go over and discuss this question further. We will state, however, that appellant's wife, on direct examination by him, testified that appellant ate supper on the evening of November 6th at home with her and their children, and that Baird was not there that night, and did not take supper with them, but left their house that evening about an hour by sun with two men in a hack, and that she saw Baird no more until after he was arrested in Abilene the next day; and that appellant stayed at home the whole of the night of November 6th and that he left their home about 7 o'clock on the morning of the 7th, after breakfast, and at the time he then left he told her where he was going. In her direct testimony she did not then say where he told her he was going. On cross-examination, in answer to the State's question, without any objection, she said he then told her he was going to Bush. The material point in her testimony on this question was that appellant stayed at her house all night that night and left there the next morning with Baird, telling her where he was going. This was very material for appellant. Then it became material for the State, if it could, to impeach her by showing that that very morning she told Mr. Owens that that morning her husband and

Baird left her house after breakfast and had gone to Mulberry Canyon, instead of as stated in her original direct testimony. Clearly the State had the right to thus impeach her testimony. In addition to the authorities cited in the original opinion on this point, we cite Smith v. State, 44 S. W. Rep., 520; Crews v. State, 34 Texas Crim. Rep., 533; Exon v. State, 33 Texas Crim. Rep., 461; Young v. State, 54 Texas Crim. Rep., 417; Red v. State, 39 Texas Crim. Rep., 414.

The motion for rehearing is overruled.

*Overruled.*