### FRANK LORD v. THE STATE.

No. 2984.   Decided February 25, 1914.

Rehearing denied April 1, 1914.

**1.—Arson—Evidence—Bill of Exceptions—Motion for New Trial.**

In the absence of a bill of exceptions to the admission of testimony, an exception to the overruling of the motion for new trial on this ground does not present the matter for review.

**2.—Same—Statement of Facts—Bills of Exception.**

The law which authorized the filing of statement of facts and bills of exception after term time, and the granting of additional time provides that if the term of court may continue more than eight weeks, these papers must be filed within thirty days after final judgment, unless further time is granted, and the court is not authorized to grant time which will delay the filing of the transcript in this court within the time prescribed by law.

**3.—Same—Transcript—Filing—Ninety Days.**

The law requires the transcript in civil cases to be filed within ninety

days, and the Code of Criminal Procedure provides that transcripts shall be filed in this court within the time prescribed in civil cases.

### 4.—Same—Filing Transcript—Practice on Appeal.

While the law in criminal cases does not make it the duty of attorneys to file the transcript in this court, but devolves that duty upon the clerk, yet they must perfect the record in the trial court within the time fixed by law, and the same will be considered in this court regardless of the time in which the transcript may be filed, otherwise, unless ʻgood cause be shown why the record was not perfected below, the statement of facts and bills of exception will not be considered.

### 5.—Same—Extension of Time—Ninety Days. .

Where neither the bills of exception nor the statement of facts were filed within ninety days from the entry of the final judgment, the term lasting more than eight weeks, they could not be considered, although the trial court may have granted an extension of time.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. W. L. Crawford.

Appeal from a conviction of arson; penalty, twelve years imprisonment in the penitentiary.

The opinion states the case.

*W. W. Nelms,* for appellant.—On question of filing statement of facts and bills of exception: Pace v. State, 58 Texas Crim. Rep., 90, 124 S. W. Rep., 949.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of filing statement of facts: Armstrong v. State, 60 Texas Crim. Rep., 59; Presley v. State, 60 id., 102.

HARPER, JUDGE.—Appellant was prosecuted and convicted of arson and his punishment assessed at twelve years in the penitentiary.

Appellant, in his motion for a new trial, complains that evidence was adduced on the trial that was inadmissible, but also admits that no objection was urged to it at the time of its introduction. Such matters can not be presented for the first time in the motion for a new trial, but must be verified by bills of exception, signed by the trial judge; and reserving an exception to the action of the trial judge in overruling his motion for a new trial do not present such matters in a way we can review them. It may be, as contended by counsel in his able argument before this court, that an injustice has been done in this case, but evidently the trial judge did not think so, for he heard and saw all that took place, and it was his opinion that the motion for a new trial should be overruled. Before we can review the action of the trial judge in refusing to grant a new trial the record must be presented to us in accordance with the rules of law as prescribed by the Legislature. The term of court at which appellant was tried began on July 7th and adjourned on October 4, 1913. Appellant was tried September 8th and his motion for a new trial overruled on September 27, 1913. It is thus seen that the term of court at which appellant was tried lasted more than eight

weeks. The law which authorizes the filing of statement of facts and bills of exception after term time, and the granting of additional time by the trial judge, provides that if the term of court may continue more than eight weeks, the statement of facts and bills of exception shall be filed within thirty days after *final judgment* shall be rendered, unless further time is granted by the court, and the court is not authorized to grant time which will delay the filing of the transcript in the appellate court within the time prescribed by law. (Sec. 7 of chap. 119, Acts Thirty-second Legislature.)

The law requires transcripts in civil cases to be filed within ninety days, and the Code of Criminal Procedure provides that transcripts shall be filed in this court within the time prescribed in civil cases. (Arts. 934, 935, 931, 929, C. C. P.)

Thus it can be seen that while in both civil and criminal cases the trial court may grant additional time to file statements of facts and bills of exception, he can not grant more time than would enable the clerk of the court to prepare and file the record in the appellate court within the time fixed by law. In civil cases the law requires the attorney to file the transcript in the appellate court, and unless filed within the ninety days the appeal is dismissed, unless good cause is shown why it was not filed within that time. In criminal cases the law does not make it the duty of the attorney to file the transcript in this court, but makes it the duty of the clerk. Therefore, we do not dismiss the case if not filed within the time fixed by law, because the appellant would not be at fault,—it would be the negligence of the clerk. But the law does make it the duty of the appellant to *perfect his record* in the trial court within the time fixed by law, and this duty he must comply with. If he perfects his record in the trial court in time it will be considered regardless of the time in which the transcript may be filed by the clerk. But if he does not perfect his record within the time fixed by law, then it is his laches or negligence, and the law does not authorize us to excuse this conduct unless good cause be shown. In this case no reason is shown why the record was not perfected in the trial court within the time fixed by law. Therefore, we can not consider the statement of facts and bills of exception.

There is a question raised as to whether the trial court granted certain extension of time, but this need not be considered. For, if the trial judge granted the extension as contended by appellant, neither the bills nor the statement of facts were filed within ninety days from the entry of the final judgment in this cause, and the trial judge could not grant more time than that under the law.

No question is raised in the motion for a new trial we can consider in the absence of a statement of facts and bills of exception; therefore, the judgment is affirmed.

*Affirmed.*

[Rehearing denied April 1, 1914.—Reporter.]