### J. B. JAMES v. THE STATE.

No. 8917.   Delivered February 4, 1925.

Rehearing granted State March 4, 1925.

**1.—Swindling—Special Judge—Record Must Show Election of.**

Where it appears from the record that the case was tried before a special judge, it must also show the election and qualification of the special judge, and the minutes of the court must show the manner of his election and his oath, and be embraced in the transcript on appeal. In the absence of these the judgment is treated as a nullity, and a reversal is ordered.

#### ON REHEARING.

**2.—Same—Transcript—Correction of—Permissible.**

This court has uniformly held that a defective record sent up, through negligence of a clerk in its preparation, may be corrected on motion of either the appellant or the State. A record when once filed in this court, cannot thereafter be removed, and Rule 2 prescribed by the Supreme Court, for the Courts of Civil Appeals, are not applicable to the correction of records in this court.

**3.—Same—Transcripts—No Fee Allowed Clerk—if Defective.**

Where a defective transcript is sent up from a lower court, through the negligence of the clerk no fee should be allowed the clerk of the trial court for its preparation.

**4.—Same—Indictment and Proof—No Variance.**

Where on a trial for swindling the indictment charges that the false representations were made, and the worthless check given to E. M. Piper, and the proof showed that the transaction was had with C. L. Hurst, an employee of Piper, but in the presence of Piper, there is no variance shown.

**5.—Same—Principals—Who Are.**

In this case the proof showed that appellant negotiated the purchase of an automobile from E. M. Piper, that he took a woman to Piper's place of business, whom he induced to give a check in the sum of $275.00 for the payment of said automobile, the title to which was conveyed to appellant, and that he also represented to Piper that the check was good and would be paid on demand. This proof clearly established that appellant was a principal, and sustains his conviction as such.

**6.—Same—Evidence—Res Gestae—Admissible.**

Where a witness is present and hears all of the representations of appellant in a transaction that is shown to have been a swindle, it is permissible for such witness to testify, his testimony being a part of the res gestae.

**7.—Same—Evidence—Of Bank Cashier—Admissible.**

On a trial for swindling by giving a worthless check, it is permissible for such witness to so testify, his testimony being a part of the res gestae that were no funds on deposit to the credit of the drawer of the check, at the time it was given.

**8.—Same—Circumstantial Evidence—Charge on—Properly Refused.**

Where the evidence is direct as in this case, the trial court properly refused to give a special charge submitting the law of circumstantial evidence. See Wampler v. State, 28 Tex. Crim. App. 352 and other cases in Branch's Ann. P. C. Sec. 1874 subdiv. 6.

Appeal from the Criminal District Court of Dallas County. Tried below before the Hon. Grover C. Adams, Special Judge.

Appeal from a conviction for swindling; penalty, two years in the penitentiary.

The opinion states the case.

*Mays, Chaney & Daily,* of Dallas, for appellant.

*Shelly Cox,* District Attorney, of Dallas, *Wm. McCraw,* Assistant District Attorney, of Dallas, *Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is swindling; punishment fixed at confinement in the penitentiary for a period of two years.

It appears from the record that the case was tried before the Honorable Grover C. Adams, Special Judge but the record is silent touching the election and qualification of the said special judge.

The statute providing for the selection of a special judge requires that the minutes of the court shall show the conditions justifying

his selection, the manner of his election and his oath. In the absence
of these, the judgment is treated as nullity and a reversal is ordered.
See C. C. P., Arts. 618, 618a, 620, and 622; also Perry v. State, 14
Texas Crim. App. 166; Reed v. State, 55 Texas Crim. Rep. 137.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Attached to the motion for rehearing is a corrected transcript showing the election of the special judge
who tried the case. Opposing the motion of the State to permit the
correction of the record counsel for the appellant refers to Rule 2
prescribed by the Supreme Court in which it is stated in substance
that in application for certiorari the same rules apply to the Court
of Criminal Appeals as are applied to the Courts of Civil Appeals.
This is recognized so far as it is applicable, but this court has uniformly pursued the practice of permitting records to be corrected
so that they may speak the truth. Most often this has occurred upon
the request of the accused. The decisions of the Courts of Civil Appeals giving effect to the rules are based upon statutes touching
the method of preparation and forwarding of records which are
materially different from those which obtain with reference to the
Court of Criminal Appeals. In civil cases the transcript is prepared under the direction of the parties or their attorneys, and
after preparation is delivered to the party upon whose application
the record is prepared and is forwarded by him to the Clerk of the
Court of Civil Appeals. R. S., Art. 2108. This statutory provision
affords an opportunity to ascertain whether the transcript is complete and to bring about its correction before the case is submitted
to the court for decision. Moreover, there are no rules forbidding
the Clerks of the Court of Civil Appeals to place the transcript
in the hands of the attorneys for the parties after the record is filed.
Art. 1608. We understand that under the practice pursued in those
courts the records are, upon arrangements with the Clerk, delivered
to the attorneys in order that they may be used in the preparation
of briefs and arguments. These conditions make it practicable for
the parties in civil suits to perfect the record before submission.
In criminal cases, however, the transcript is prepared by the clerk
of the trial court and forwarded by him to the Clerk of the Court
of Criminal Appeals, and under the direction of the Court, the clerk
of the latter court retains the transcript in his possession at all times
after it is filed. For these reasons, this Court has established a
liberal policy with reference to the correction of the record even
though it be done after submission or on motion for rehearing. To
permit this practice, it entails unnecessary work upon the Court and

manifests negligence upon the part of the clerk which it is difficult to excuse. However, since the duty of preparing the record is placed by law upon the clerk of the trial court, it is from his hands and not that of the appellant which the Clerk of the Court of Criminal Appeals is entitled to receive it. This Court has never held that the accused should suffer the consequences of the failure of the duty on the part of the clerks in the preparation of the record but has uniformly afforded an opportunity too make the record speak the truth to the end that the appeal may be decided upon its merits. A like practice has been pursued by this court with reference to the State, and in the present case, the corrected record will be considered upon its merits. See Art. 929, C. C. P.; also Art. 931; Vernon's Texas Crim. Stat., Vol. 2, p. 891, note 13; Mitchell v. State, 1 Texas Crim. App. 725; Gould v. State, 153 S. W. Rep. 326; Lord v. State, 73 Texas Crim. Rep. 109; Frazier v. State, 227 S. W. Rep. 324; Washington v. State, 86 Texas Crim. Rep. 327.

However, no fee should be allowed the clerk of the trial court for the preparation of a defective transcript.

This is the second appeal, though on the former trial both the indictment and the evidence were different from those in the present record. See 96 Texas Crim. Rep., 308.

The offense in the present case is swindling. The fraudulent device relied upon by the State is the drawing of a check on the Liberty State Bank of Dallas for the sum of $275.00, payable to the order of E. M. Piper, signed Mrs. Chas. Setrak, and the passage of such check upon the representation that it was good and would be paid, when in fact, there were no funds in the bank to the credit of the maker of the check, nor was there ground for belief that it would be paid. Upon such representations the title and possession of an automobile was obtained from E. M. Piper.

According to the State's testimony, C. L. Hurst was an employee of Piper. Appellant came to Piper's place of business and selected an automobile which was priced by Hurst at $275.00. Appellant later returned in company with a lady who he said was his sister, and she drew the check mentioned above. At the time of this representation, Piper was present and offered to furnish a blank check but the lady used her own check book. We understand from the testimony of Hurst that both he and Piper were present at the time the check was received and the automobile delivered to the appellant.

Piper testified that the appellant, after selecting the car and agreeing to the price, returned in company with a lady who was introduced as his sister, Mrs. Setrak, and said that she would give Piper a check for the car. Appellant said that the check was good, and upon the faith of the check, Piper parted with the car and the bill of sale thereto. The check was not paid, and the cashier of the bank said

that according to the records, Mrs. Setrak had in the bank upon which the check was drawn no money to her credit; that her account ·had been previously closed on January 9th. A statement of her account in detail showed that on October 20th she had in the bank a balance of $200.00; that on Nov. 9th there was a balance of $12.00, and on Jan 9th, there was a balance of $2.50. All the money in the bank has been withdrawn by checks issued prior to Jan 9th, at which time the balance of $2.50 was also withdrawn.

Mrs. Setrak testified that she was not related to the appellant by blood or marriage; that on a previous occasion the appellant, with the money of the witness, had bought an automobile from Piper and on the present occasion, appellant requested her to give her signature to the overdrawn check. She objected and the appellant told her she needed a drink; that she had lost her nerve. She finally consented, stating that she knew it was a crime. After the transaction she and the appellant went in the automobile to Durant, Oklahoma, where she was left with the parents of the appellant, he going to Arkansas.

Appellant introduced testimony to the effect that he had never been convicted of a felony and that his reputation as a law-abiding citizen was good.

The court instructed the jury on the law of swindling, also on the law of principals; and instructed that no conviction could be had upon the testimony of Mrs. Setrak. He also submitted the issue of suspended sentence.

The objections to the charge are based upon the theory that there was a variance in that the representations made did not sustain the averments in the indictment to the effect that the false representations were made to Piper; also that the evidence was insufficient to prove the averment that the check was not good or believed by the appellant to be good.

In the special charges requested by the appellant, the jury was instructed that the mere presence of the appellant at the commission of the offense would not constitute him a principal, and that the conviction would not be authorized unless it was shown that the appellant knew that the check would not be paid, that is, that there was no money in the bank to the credit of Mrs. Setrak and that appellant had no expectation that the check would be paid when presented in the due course of business, and that this want of knowledge could not be proved by the uncorroborated testimony of Mrs. Setrak.

Complaint is made of the refusal of other special charges. The first of these relates to the elements of swindling which, in our opinion, were adequately embraced in the main charge and the special charge given.

Complaint is made in a bill of exceptions to the receipt in evi-_ dence of the witness Hurst, which, in substance, has been detailed and which we regard as admissible as part of the res gestae for the reason that it was in part upon the representations made by the appellant to Hurst that Piper acted in receiving the check and part- ing with his property.

The testimony of the cashier of the bank to the effect that the records of the bank with which he was familiar showed no funds to the credit of Mrs. Setrak at the time the check was drawn or sub- sequently. Mrs. Setrak testified that she did not have any funds at the bank and that the appellant was aware of that fact.

The complaint of the refusal of the court to charge upon the law of circumstantial evidence is not deemed tenable. Though Mrs. Setrak was an accomplice, her direct testimony that the check was not good and that the appellant was aware of that fact would take the case out of the domain of circumstantial evidence. In refusing to instruct on circumstantial evidence, the court was not in error. Wampler v. State, 28 Texas Crim. App. 352 and other cases listed in Branch's Ann. Texas P. C., Sec. 1874, subdivision 6.

On the evidence before us, the court was not in error in refusing to instruct the jury to acquit the appellant.

The motion for rehearing is granted, the reversal set aside and. the judgment of the district court is affirmed.

*Affirmed.*