PAUL HORTA v. THE STATE.

No. 13585.   Delivered June 25, 1930.
Reported in 29 S. W. (2d) 759.

The opinion states the case.

*Burch & Woodruff,* of Decatur, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of intoxicating liquor for the purpose of sale; penalty, two years in the penitentiary.

Appellant lived in the town of Bridgeport. Searching officers found nine half gallon jars of whiskey buried just outside of his yard. It was not upon land owned or controlled by him and the issue is sharply presented as to whether or not appellant was in possession of same. The State introduced witness Stanfield, who testified that a short time preceding the search of appellant's premises he purchased whiskey from appellant. Appellant denied this, denied knowledge of the presence of the whiskey near his yard and made specific denial that he was in possession of any of the whiskey found by the searching officers.

The Court charged the jury to find appellant guilty if they believed beyond a reasonable doubt he was in possession of intoxicat-

ing liquor for the purpose of sale but failed to charge the converse of this or to authorize an acquittal if there existed a reasonable doubt as to the existence of the accusatory facts alleged in the indictment, and failed to present affirmatively any defense for appellant whatever.

By Bill of Exception No. 3 it is made to appear that appellant appropriately requested the following special charge:

"Gentlemen of the jury: You are instructed that in this cause defendant stands charged by indictment with having in his possession for the purpose of sale spiritous, vinous and malt liquors capable of producing intoxication, and in this connection you are instructed that the burden of proof is upon the State to prove beyond a reasonable doubt that the defendant possessed the liquor in question and that he possessed it for the purpose of sale, and if there is a reasonable doubt in your minds as to whether or not the liquor in question was in his possession, or if it was possessed for the purpose of sale, you will resolve such doubt in favor of the defendant and say by your verdict 'not guilty'."

In our opinion this should have been given in the form there presented or in some other appropriate way. The Court must always pertinently and distinctly charge any defense raised by the evidence. See Note 2, under Art. 658, Vernon's Texas C. C. P. (1925); Smith v. State, 89 Tex. Crim. Rep. 606.

The Court further charged the jury: "You are charged that upon the trial of this case you cannot convict the defendant for the sale of intoxicating liquor to one J. D. Stanfield." This was properly excepted to as being upon the weight of the evidence. The exception should have been sustained. An issue of whether or not any liquor was sold to Stanfield was plainly made by the testimony of appellant and the quoted charge amounts to a statement by the Court of the existence of a material fact in dispute which tended to prejudice appellant. The expression of any opinion by the trial judge as to the weight of the evidence is prohibited by the terms of Art. 658, C. C. P. (1925). See also Notes 100, 114 and 126, Vernon's Texas C. C. P., Art. 658; Spivey v. State, 45 Tex. Crim. Rep. 496; Cannon v. State, 84 Tex. Crim. Rep. 504; Glenn v. State, 76 S. W. 757; Glover v. State, 76 S. W. 465; Arnold v. State, 83 S. W. 205.

For the errors discussed, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.