DOCK BLALOCK v. THE STATE.

No. 13637.   Delivered November 5, 1930.
Rehearing denied December 17, 1930.
Reported in 33 S. W. (2d) 452.

The opinion states the case.

*Seb F. Caldwell* of Mt. Pleasant, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, hog theft; penalty, two years in the penitentiary.

Officers approached the house at nighttime where accomplice McElroy boarded. They observed a light in the barn and appellant and another carrying part of a hog. These two attempted to escape when accosted by the officers and the owner of the hog. In a hole near the barn they found the entrails, liver, lights and head of a hog. Under the floor of the kitchen they found a ham and middling. About this date prosecuting witness Belcher lost a speckled sow. He identified portions of the remains of the hog found at the house above mentioned as coming from his lost animal. McElroy testified that appellant and Grady Blalock came to his house on the day in question and wanted to go kill a hog out in the woods. The three went out there, appellant carrying a shotgun and Grady Blalock a target. Around a thicket he heard two guns fire. Going immediately there, he found a speckled sow dead which resembled the lost hog of Belcher. Appellant was standing there. They skinned this hog, cut its ears off, which were marked, took it to the house where McElroy boarded, buried the part of its contents found later by the officers and divided the meat. While making the division that night, they were apprehended by the officers, as above stated.

We regard this evidence as amply sufficient to show appellant's guilt.

Appellant complains because the Court failed to charge on circumstantial evidence. There was no exception of any kind to the Court's charge and the only special charge requested does not show to have been timely presented. This must be done to entitle the point to review. 4 Tex. Jur., Par. 49.

The contention is also made that the Court erred in refusing to continue the case. No bill of exception appears in the record presenting this matter for review and in its absence we are not author-

ized to pass on the matter. Branch's P. C., P. 183; Swilley v. State, 166 S. W. 733; Womack v. State, 170 S. W. 140.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Passing on the case in the light of the record as it would be if we should consider a supplemental transcript showing that there was an exception taken to the failure or refusal of the lower court to charge on circumstantial evidence,—we note that the accomplice having given direct testimony showing appellant's guilt, this obviated any necessity for a charge on circumstantial evidence. Mr. Branch states the rule at page 1040 of his Annotated P. C., as follows: "The fact that the only direct testimony comes from an accomplice witness, does not make it necessary to charge on circumstantial evidence. Wampler v. State, 28 Texas Crim. App. 353; Thompson v. State, 33 Texas Crim. Rep. 222, and other cases are cited.

The motion for rehearing will be overruled.

*Overruled.*