RAYMOND PEACOCK V. THE STATE.

No. 16765. Delivered May 30, 1934.
Rehearing Denied June 27, 1934.

The opinion states the case.

*Oxford & McMillan,* of Stephenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for selling intoxicating liquor, punishment being one year in the penitentiary.

The evidence shows that the purchaser (Willie Williams) went to appellant's house with Edgar Hood and G. C. Carroll in the latter's car. Williams went in the house and stayed ten or fifteen minutes. He testified positively that he bought half a pint of whisky from appellant. Carroll testified that appellant came out of the house while Williams was inside, and stooped down on the porch as though he was getting something from under the porch. Williams, Carroll and Hood left together; Williams produced the whisky and they all drank it.

Appellant did not testify. His wife swore that Williams came to the house to borrow some money from her husband. She asserted positively that her husband did not sell any whisky to Williams.

As we understand the record it was thought by the State that perhaps appellant secured the whisky, which Williams claimed to have purchased, from under the porch at the time Carroll saw him stooping down. On cross examination of appellant's wife the State elicited from her that appellant walked out on the porch when Williams came to the house and was then asked by the district attorney if she remembered seeing

appellant reach under the porch. Objection was here interposed by appellant on the ground that appellant had not questioned the wife about such matter on direct examination, it being appellant's position that such examination was in violation of Art. 714, C. C. P. The objection being overruled the wife answered that she did not see appellant stoop over to get anything from under the porch. Appended to the bill as a qualification thereto is the entire cross examination of the wife on the point at issue. Construction of the article mentioned, and whether violated in a particular instance, has many times been before this court. In Branch's Ann. Tex. P. C., page 86, sec. 152, the concensus of the opinion on the question is correctly stated in the following language: "The wife of defendant may be cross examined as to the matters testified to by her on direct examination, and the State is entitled to ask her who was present, as to their equipment, her opportunity for observation, and other questions as tending to show the accuracy of her direct testimony, and may apply the usual tests of cross examination as to all matters germane and pertinent to her testimony given on her direct examination."

Many cases are cited as illustrative. The latest case in which the matter was discussed at any length is *No. 16,600, Barrow v. State, opinion of date May 2, now pending on rehearing, in which reference is made to a number of authorities. The subject was also considered in Soderman v. State, 97 Texas Crim. Rep., 23, 260 S. W., 607. The accuracy of the statement of appellant's wife in positively asserting that he made no sale of whisky to Williams was challenged by the State and the cross examination complained of was pertinent we think as tending to support such challenge, and was germane to the evidence given by her on direct examination.

We have examined appellant's complaints directed at the court's charge. They do not appear tenable. We think Horta v. State, 115 Texas Crim. Rep., 185, 29 S. W. (2d) 759, cited by appellant does not support his proposition that he was entitled to some affirmative defensive charge. In the case referred to liquor found by officers was not upon property controlled by accused, and the issue was sharply drawn as to whether he was in possession of the liquor. The holding was that such issue should have been properly submitted as a defensive matter. The facts in the present case present no such question. The only defense here interposed was a denial of the sale.

Finding no error in the record which calls for reversal the judgment is affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant still insists in his motion that we erred in holding that the trial court correctly refused his special charge, and declined to heed his exception to the main charge. Appellant's exception to the court's charge was because it did not affirmatively tell the jury to acquit if they had a reasonable doubt as to whether he sold whisky to Mr. Williams. His requested charge, which was refused, contained an instruction in line with said exception. We held that under the facts of the case the charge as given fully protected appellant's rights. Appellant still seems of opinion that the case of Horta v. State, supra, is authority for his insistence that an affirmative charge upon the defensive issue should have been given. In Horta's Case there was clearly presented an affirmative defensive theory in that appellant claimed that the testimoney showed that the liquor for whose possession he was prosecuted, was found upon premises other than his own, and that the State relied solely upon the fact of the finding of such liquor upon said premises as justifying his conviction for possession thereof. No one affirmed in that case that he saw Horta put the liquor where it was found, or do any act indicating possession. In the case at bar witness Williams affirmed in testimony that appellant sold him a pint of whisky for which he paid him either seventy-five cents or a dollar. Appellant's wife denied the truth of this testimony. This called for no affirmative defensive charge. The only defensive theory advanced was that Williams falsely so stated. The court told the jury that if they believed beyond a reasonable doubt that appellant sold the whisky to Williams they should convict, but if they did not so believe, or had a reasonable doubt thereof, they should acquit. We think the main charge gave to appellant a correct charge upon any defensive theory involved. Cozby v. State, 80 Texas. Crim. Rep., 323; James v. State, 99 Texas Crim. Rep., 395.

The motion for rehearing is overruled.

*Overruled.*

*(Reported on page 504 of this volume.)