Leandro **GUTIERREZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 40984.

Court of Criminal Appeals of Texas.

Jan. 24, 1968.

Rehearing Denied Feb. 21, 1968.

William C. McDonald, San Angelo, for appellant.

Royal Hart, Dist. Atty., San Angelo, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is Cattle Theft; the punishment, two (2) years confinement in the Texas Department of Corrections.

Appellant presents two grounds of error. He contends that the trial court erred in failing to charge the jury, after proper objection, on the law of circumstantial evidence. We cannot agree.

Domingo Zammora, an accomplice witness, testified clearly and concisely as to the appellant's active participation in the theft of the cow.

Zammora related how he, the appellant, Henry Rodriquez and Joe Acosta were riding around in appellant's automobile drinking beer on the night of March 22, 1967, when they all saw the cattle in the stock pens in question and decided "to kill one." He described how he and appellant remained by the automobile while the other two men entered the pens after which he heard shots. He testified that all four of them rolled and dragged the cow that was taken a considerable distance before the cow was placed in the trunk of appellant's automobile shortly before the arrival on the scene of a police officer.

It is well established in theft cases that if there is direct evidence from any source of the taking of the property by the defendant from the possession of the person in whom possession is laid, the case does not in a legal sense rest wholly on circumstantial evidence, and a charge on circumstantial evidence is not in that event required. 5 Branch's Ann.P.C.2d Ed., Sec. 2667, p. 113.

The fact that the only direct evidence of defendant's guilt comes from an accomplice witness does not require the court to charge on circumstantial evidence. White v. State, Tex.Cr.App., 385 S.W.2d 397; Oakley v. State, 152 Tex.Cr.R. 361, 214 S.W.2d 298; Wampler v. State, 28 Tex.App. 352, 13 S.W. 144; Williams v. State, Tex.Cr.App., 45 S.W. 494; Rios v. State, 39 Tex.Cr.R. 675, 47 S.W. 987; Rios v. State, Tex.Cr.App., 48 S.W. 505; Martinez v. State, 61 Tex.Cr.R. 29, 133 S.W. 881; Johnson v. State, 72 Tex.Cr.R. 387, 162 S.W. 512; Forward v. State, 73 Tex. Cr.R. 561, 166 S.W. 725; Lopez v. State, 92 Tex.Cr.R. 97, 242 S.W. 212; James v. State, 99 Tex.Cr.R. 395, 269 S.W. 788; Humphrey v. State, 110 Tex.Cr.R. 306, 8 S.W.2d 143; Owen v. State, 114 Tex.Cr.R. 576, 26 S.W.2d 251; Blalock v. State, 116 Tex.Cr.R. 615, 33 S.W.2d 452.

Next, appellant contends the trial court erred in admitting into the evidence testimony concerning the discovery of the cow in the trunk of appellant's automobile since the same resulted from an illegal search.

George Alexander testified that on the night in question, while driving past the stock pens of the prosecuting witness, he observed what appeared to be a dead black and white cow in the middle of the road. Upon his approach he saw a man run towards the stock pens and three other men jump into a nearby automobile and drive off at high speed. Alexander related that he lost the car after a chase at speeds up to 90 miles per hour when the car extinguished its lights. After arriving home he reported his observations to the police.

Subsequently Fred Deats, a police officer for the city of San Angelo, upon receiving a report from the dispatcher went to victim's stock pens at approximately 9 p. m. He observed only one car in the vicinity, a half mile from the pens on the same road, parked partially across the public roadway, a traffic violation. As he approached he observed four men around the car drinking beer. The trunk of the automobile was partly open and he could "see something black and hairy inside." After having determined from appellant, whom he identified as being present, that the automobile belonged to him, Deats caused them to open the trunk where he discovered a dead black and white cow. Thereafter he had the four men unload the cow and after taking the automobile license number and the names of all men, whom, with the exception of appellant, he knew personally, Deats permitted them to leave. The prosecuting witness arrived at the scene shortly thereafter and identified the dead cow as his. He testified that this cow was in his pens and alive at feeding time just a few hours before the discovery of its body in the trunk of appellant's car.

It seems to be appellant's principal contention that since no arrest was made at the time, that the search was invalid and the fruits thereof were inadmissible.

The State, however, does not seek to justify the search as one incident to a lawful arrest. They contend that an automobile on proof of probable cause, may be legally searched without a search warrant. We agree. See Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543; Husty v. United States, 282 U.S. 694, 51 S.Ct. 240, 75 L.Ed. 629; Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; 51 Tex.Juris.2d, Searches and Seizures, Sec. 10, pp. 669, 670. Under these authorities the test of the validity of the search is whether the searching officers had probable cause. They do not have to arrest the defendant as a condition of making the search. They may search, find the contraband, and then arrest.

From the information he had received and from what he observed upon arriving at the scene there can be no question that Officer Deats had probable cause for a search of the trunk of appellant's automobile. Certainly he was entitled to believe that unless the vehicle be searched immediately it and its contents would be removed beyond the reach of the officers.

While the record does not explain the officer's action in failing to detain appellant and his companions after the search and seizure, we cannot conclude that this fact would render inadmissible the fruits of the search.

It should also be noted that objections to a search are waived when fruits of the search are introduced without objections. Gonzales v. State, 167 Tex.Cr.R. 433, 320 S.W.2d 837; Kanaziz v. State, Tex.Cr.App., 382 S.W.2d 485; Watson v. State, 172 Tex.Cr.R. 274, 355 S.W.2d 533; Grundstrom v. State, Tex.Cr.App., 363 S.W.2d 945; Melancon v. State, Tex.Cr.App., 383 S.W.2d 604. Photographs of the dead cow were introduced into evidence without objection.

The judgment is affirmed.