A 1966 VOLKSWAGON, VEHICLE IDENTIFICATION NO. 116611272, Bearing 1969 Texas License No. PDV 294, Appellant,

v.

The STATE of Texas, Appellee.

No. 11795.

Court of Civil Appeals of Texas, Austin.

Feb. 24, 1971.

Bender & Mueller, Robert L. Mueller, Jr., Seguin, for appellant.

Richard Fielder, Dist. Atty., Lockhart, for appellee.

SHANNON, Justice.

Appellee, the State of Texas, filed suit for forfeiture and sale of a 1966 Volkswagon in the District Court of Hays County pursuant to Art. 725d, Vernon's Ann.Texas Penal Code, for its alleged use in connection with transporting and possession of marijuana. Upon trial to the court, judgment was entered for appellee.

We affirm the judgment of the trial court.

Appellant's brief contains two points of error.[1]

The Volkswagon was seized in Hays County by narcotics agents of the Department of Public Safety on October 14, 1969. At that time the vehicle was parked near the apartment of Michael L. Lancaster, a student at Southwest Texas University. Though not registered in his name, the Volkswagon was under the control of Lancaster.

The Department of Public Safety had Lancaster "under surveillance" for some time before October 14 because of reports that he was selling drugs to fellow students. A few days before October 14, Department of Public Safety agents had observed Lancaster's Volkswagon in the Rio Grande Valley, and on October 12 the narcotics agents in San Marcos were alerted to intercept that vehicle on its return to San Marcos since it was believed that Lancaster was transporting marijuana. The narcotics agents were unsuccessful in their attempt to intercept the Volkswagon.

Within a two hour interval on October 14, a Hays County justice of the peace issued two search warrants at the request of the narcotics agents. The first warrant was grounded upon information from a "credible and reliable person" that a quantity of marijuana had been seen in the apartment of "Michael L. Lancaster and Ralph Longoria." A search of that apartment turned up "Narcotic paraphernalia," but no marijuana.

The apartment first searched, it later appeared, was Longoria's rather than Lancaster's. Just before that search, one of the narcotics agents saw a man with a "package in his right hand" go from Longoria's apartment to Lancaster's nearby apartment. The same informer then apprised the agents that he had seen Lancaster put marijuana under a mattress in his apartment. Lancaster's apartment was then watched for about an hour, and several cars bringing youngsters came and left.

A second warrant was then obtained and the ensuing search of Lancaster's apartment for marijuana was successful. Five persons were found in the apartment and

1. "FIRST POINT: This case should be reversed because the trial court denied Defendant's Motion to Suppress Evidence and allowed testimony and evidence to be presented by the Plaintiff which was received as a result of an invalid search warrant.

SECOND POINT: This case should be reversed because the evidence presented at the trial did not establish probable cause for search of Defendant's premises or vehicle."

two plastic bags of marijuana were found on the bed. Lancaster was arrested and searched, and a bag of marijuana was discovered in his trouser pocket.

Just before the search of Lancaster's apartment, the narcotics agents saw the parked Volkswagon outside the apartment and noticed inside a partially hidden brown paper sack and a package of cigarette papers. During the search of the apartment, one of its occupants mentioned "something about a car." Lancaster was then asked if his Volkswagon could be searched. He consented and unlocked the car. Inside the brown paper sack in the Volkswagon were seventeen bags of marijuana.

The only issue before this Court is whether the trial court correctly admitted evidence of the marijuana found in the Volkswagon. In support of point of error one, appellant claims that the search warrant for Lancaster's apartment was invalid because the narcotics agents' informer was not reliable, and that the search of the Volkswagon resulted from the illegal search of the apartment. This unreliability, appellant claims, was demonstrated by the fact that the informer had said that the premises first searched was that of Lancaster and Longoria, when in truth and fact, it was only Longoria's apartment. It is not necessary to decide this point in view of our disposition of "the probable cause" point.

 An automobile, on proof of probable cause, may be legally searched without a search warrant. Gutierrez v. State, 423 S.W.2d 593 (Tex.Cr.App.1968). Moreover, Sec. 15 of Art. 725b, Texas Penal Code, provides that employees of the Department of Public Safety shall have authority without a warrant to enter and examine " * * * cars, conveyances, vehicles * * *" when they have " * * * reason to believe and do believe" that such conveyances contain narcotics contrary to the provisions of the Act.

We hold that the narcotics agents had sufficient "probable cause" to search the Volkswagon without a search warrant. Lancaster was under surveillance because of reports that he was selling drugs to students. The Volkswagon had been linked to Lancaster. The Volkswagon had been traced to the Rio Grande Valley and these agents had been instructed to intercept it on its return to San Marcos for the reason it was believed that Lancaster was transporting drugs. The Volkswagon had been noticed in front of Lancaster's apartment and the agents had been notified that Lancaster had marijuana inside his apartment. On the way to search the apartment the agents saw a sack partially hidden and a package of cigarette papers in the Volkswagon. These facts, independent of any information gained from searching the apartment, constitute "probable cause" for searching the Volkswagon without a warrant.

The judgment of the trial court is affirmed.

Affirmed.