FREDERIKA LOHFF v. DIEDRICH GERMER AND ANOTHER.

1. G. executed and delivered to L. a deed of gift, as follows: " I, out of
   " love and attachment which I cherish for my grandson D. H. L., have
   " donated to the same ten acres of land, and hereby donate as his own
   " property forever; and on a convenient time said ten acres are to be
   " measured off, so that the buildings and fences within which my daugh-
   " ter-in-law, R. L., lives shall be included therein." *Held,* that this
   deed of gift, accompanied by a delivery of possession of the property,
   vested in the donee an indefeasible title to the property donated.
2. A deed is not necessarily void for uncertainty in the description of the
   premises conveyed, provided the description is capable of being made
   certain; and when a line is left uncertain, parol evidence is admissible
   to establish the line contemplated by the parties.

APPEAL from Harris county. Tried below before the Hon.
James Masterson.

In 1858, Diedrich Germer made a verbal gift of the land in
controversy to his step-son, Frederick Lohff, who immediately
moved on the premises with his wife, the appellant, built a
dwelling-house, and made other improvements of a permanent
character. In 1859, Frederick Lohff died, leaving an infant
son. The appellee Germer, fearing that appellant would
marry again, and that the infant son of Frederick Lohff
would derive no benefit from the land in controversy, took ad-
vantage of the fact that he had not executed a deed to Fred-
erick Lohff, for the land, and desiring that the son of Frederick
Lohff should have and enjoy the land, he, on the 2d day of
April, 1860, executed and delivered to him the deed of gift
set out in the first head-note. The appellant and her infant
son resided upon the premises, occupying it as a homestead
until 1863, when, owing to some disturbances in the neighbor-
hood, they moved to the house of the appellee Germer. In
1864, the child died, and appellant went out to service as a
servant. Germer acted as her agent in relation to the premises
until 1867, and collected the rents for her, etc. In March, 1867,
he ceased to collect her rents for her, and in April, 1867, he

executed a deed of gift of the same property to his niece, Minna Samow, one of the appellees in this case.

This suit was brought to have the deed to the appellee, Minna Samow, canceled, as a cloud upon appellant's title. The principal controversy in the court below was as to the validity of the deed of gift to Diedrich Henry Lohff, set out in the first head-note.

*Usher & Cline,* for the appellant.

No brief for the appellee has reached the hands of the reporter.

OGDEN, J.   There is but one question presented in this record which requires any notice by this court, and that question is as to the validity and force of the instrument of writing executed by Diedrich Germer to Diedrich Henry Lohff, on the 2d day of April, 1860.   This instrument, " out of respect " of the love and attachment " which the donor bears towards the donee, conveys by gift or donation ten acres of land.   This instrument, accompanied by the possession of the property donated, is amply sufficient to vest in the donee an absolute and indefeasible title.   The donation becomes an executed contract for a good consideration, and is irrevocable by the donor. (Parsons on Contracts, Vol., I., p. 235, and authorities there cited.)

But there are equities attending this donation which would call loudly for the interference of a court of equity, in order to protect the rights of appellant, if the donation and transfer had not been complete in every respect.   A parol gift or sale in consideration of love and affection, and for the further consideration of services rendered, had been made of this identical land, years before, to the father of the beneficiary in the deed of gift of April, 1860; and at that time the father was placed in possession, who improved and built upon it, and occupied the same until the time of his death, as his home-

stead ; and the donor having failed to execute a written title to the father during his life, simply performed an act of justice to his son. The instrument is not in the usual form, in every particular, of a deed of gift, yet there is no ambiguity or uncertainty in it, but it clearly expresses the intention of the maker thereof, then and there to convey by donation the land described, forever.

A deed is not necessarily void for uncertainty in the description of the premises conveyed, provided the same is capable of being made certain; and it is said that " facts existing at " the time of the conveyance, and prior thereto, may be proved " by parol evidence, with a view of establishing a particu- " lar line as being the one contemplated by the parties, when, " by. the terms of the deed, such line is left uncertain." (Washburn on Real Property, Vol. III., p. 347.) The deed of Germer conveys ten acres of land, so as to include the buildings and fences where Mrs. Lohff then resided. This description is sufficiently definite, within itself, to authorize a court of equity to order the land surveyed, and the precise lines established, according to the best interest of all parties interested. But the testimony of Braun and others establishes beyond doubt the form of the tract conveyed, and the precise boundary lines.

Diedrich Henry Lohff and his mother were in possession of the land at the time of the conveyance, and their possession and title were clearly recognized by the donor for years. There remained no act of the donor to complete the title, and no subsequent act of his could revoke the gift or divest the title.

This view of the instrument of writing under consideration, taken in the light of the facts surrounding the same, must definitely settle all questions of controversy that have arisen in the case, and therefore the errors in the instructions of the court to the jury need not be specially noticed. The judgment. of the District Court is reversed and the cause remanded.

Reversed and remanded.