## FRANCIS YORK v. THE STATE.

No. 1427. Decided December 13, 1911.

Rehearing denied January 10, 1912.

**1.—Assault to Murder—Evidence—Condition of Weapon.**

Upon trial of assault to murder, there was no error in admitting testimony that the knife used had some blood on it, was very sharp, and showed that next to the jaws of the knife it had some rock or dust of grindrock on it as if it had been freshly sharpened; it having been shown that defendant had sharpened his knife just before the difficulty.

**2.—Same—Evidence—Character of Prosecutor.**

Where, upon trial of assault to murder, the defendant had been permitted to show that the assaulted party had more or less trouble and fights with others, and that he was considered high-tempered, etc., there was no error to exclude testimony that said party was especially dictatorial, overbearing, etc., in matters pertaining to the Baptist Church.

**3.—Same—Evidence—Clothing of Assaulted Party.**

Where it appeared that the clothing worn by the assaulted party at the time of the difficulty was material to corroborate the State's testimony as to the number of times defendant cut the assaulted party, there was no error to introduce same in evidence.

**4.—Same—Charge of Court—Intent to Kill—Self-Defense.**

Where, upon trial of assault to murder, the court submitted assault to murder, and that if the defendant had no specific intent to kill, that they must find defendant either guilty of aggravated or simple assault, and also submitted self-defense, applying the reasonable doubt in a proper manner, according to the evidence, there was no error in the conviction of assault to murder.

Appeal from the District Court of Van Zandt. Tried below before the Hon. R. W. Simpson.

Appeal from conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Lively & Stanford* and *Wynne & Wynne,* for appellant.—On the question of want of intent to kill: McCullough v. State, 24 Texas Crim.

App., 128; Newberry v. State, 32 Texas Crim. Rep., 145; Mason v. State, 29 Texas Crim. App., 24; Speer v. State, 2 Texas Crim. App., 244; Gazley v. State, 17 Texas Crim. App., 267.

On question of the court's charge on assault to murder: Williams v. State, 15 Texas Crim. App., 617; High v. State, 26 Texas Crim. App., 545; Spivey v. State, 30 Texas Crim. App., 343.

On the court's failure to charge on manslaughter: Lawrence v. State, 10 Texas Crim. App., 495; Ellison v. State, supra; Sowell v. State, 32 Texas Crim. Rep., 482; Beaty v. State, 30 Texas Crim. App., 676.

On the court's charge on aggravated assault: Wilson v. State, 4 Texas Crim. App., 637.

On the question of the quarrelsome conduct of assaulted party: Henderson v. State, 12 Texas Crim. App., 525; Slaughter v. State, 34 Texas Crim. Rep., 81.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted under an indictment charging him with assault with intent to murder, and when tried, he was convicted and sentenced to two years in the penitentiary.

There are but three bills of exception in the record, all of which relate to the admissibility of certain testimony. One is to permitting witnesses to testify that the knife used by appellant had been sharpened, and had on the blade, next to the handle, the dust from a whetrock. The State asked the witness, who secured the knife used by defendant from him about forty minutes after the difficulty, to describe the condition of the knife at the time he received it from defendant. He said: "The knife had some blood on it, and was very sharp, and back next to the jaws of the knife it showed it had some rock or dust of a grindrock as if it had been freshly sharpened." The defendant and the person assaulted had had a conversation the evening before, and had agreed to meet that morning to see if they could adjust matters, and this evidence would tend to show that before going to the place agreed on, defendant had sharpened the knife he subsequently used on Mr. Gray, and would be admissible as bearing on the intent of defendant. The fact that he had sharpened his knife just before going to an agreed place to meet the person he subsequently assaulted, might indicate that he was preparing to and went with the intention of doing what was subsequently done. At least, it was admissible in evidence, and the jury could give to it such weight as the entire evidence justified them in doing.

In another bill, appellant complains that he was not permitted to prove that Lawrence Gray, the assaulted party, was quarrelsome and overbearing in his disposition, dictatorial and turbulent, more especially in matters pertaining to the Baptist church. It appears by the bill that defendant was permitted to prove the general reputation borne by

Mr. Gray in regard to these matters, and by the record it is shown he was permitted to elicit from the witness that Gray had had more trouble than the average man; that he had heard of him having two or three other fights; that he had heard of him having differences with others, and that he was considered high tempered and high strung. This is as far as we think it was permissible to go, and as said by the court, we think the evidence "immaterial when the questions connected it with the matters pertaining to the Baptist Church." The general reputation of the witness was permitted to be shown, and this being so, the bill presents no error.

In the only other bill, defendant states that the prosecuting attorney was permitted to "bring in before the jury the bloody clothing worn by him at the time of the alleged difficulty between himself and the defendant, out of which said difficulty this case arose. The defendant objected to parading the clothing before the jury for the reason that there was no controversy as to the number of wounds nor the direction that any of the wounds had taken and that the introduction of said clothing would be hurtful to the defendant, as it was calculated to prejudice and inflame the minds of the jury against the defendant." The court, in approving the bill, states that the clothing worn by the assaulted party of the time of the difficulty was material and necessary to corroborate the State's testimony as to the number of times defendant cut and cut at the assaulted party." The bill as thus qualified shows that the evidence was admissible over the objections stated in the bill of exceptions. House v. State, 42 Texas Crim. Rep., 125, 57 S. W. Rep., 825; Kidwell v. State, 35 Texas Crim. Rep., 264; Mitchell v. State, 38 Texas Crim. Rep., 170; Frizzell v. State, 30 Texas Crim. App., 42; Hart v. State, 15 Texas Crim. App., 202.

The charge of the court is criticized in several particulars. It submits assault with intent to murder, aggravated assault, and simple assault, correctly defining all these offenses, and instructs the jury that unless they find defendant had the specific intent to kill, or if they had a reasonable doubt as to whether he had such specific intent to kill, they could not convict defendant of an assault with intent to murder, and instructs them:

"If you shall find under foregoing instructions that defendant is guilty of some grade of assault, but you have a reasonable doubt as to whether it is assault with intent to murder or aggravated assault and battery, you will convict defendant of no higher offense than aggravated assault and battery. If you find defendant guilty of some grade of assault, but you have a reasonable doubt as to whether it is an aggravated or simple assault, you will convict defendant of no higher offense than a simple assault and battery. If you have a reasonable doubt as to defendant's guilt, you must acquit."

The defendant, by his testimony, would seek to justify his acts in cutting the deceased. The court fully presented his theory of the case, instructing them: "Upon the law of self-defense, you are instructed

that if from the acts of the said Lawrence Gray, or from his words, coupled with his acts, there was created in the mind of the defendant, a reasonable apprehension that he (the defendant) was in danger of losing his life or of suffering serious bodily harm at the hands of said Lawrence Gray, then the defendant had the right to defend himself from such danger or apparent danger as it reasonably appeared to him at the time, viewed from his standpoint. And a party so unlawfully attacked, is not bound to retreat in order to avoid the necessity of killing his assailant. If you believe that the defendant committed the assault upon Gray as a means of defense, believing at the time he did so, (if he did so) that he was in danger of losing his life or of suffering serious bodily injury at the hands of said Lawrence Gray, then you will acquit the defendant. And it is not necessary that there should be actual danger, provided he acted upon a reasonable apprehension of danger as it appeared to him from his standpoint at the time, and in such case he has as much right to act as if the danger was in fact actual and real.

"If you find that Gray assaulted the defendant with his fist before defendant assaulted Gray, the defendant reasonably believed from some act of Gray, reviewing the facts and circumstances from his, defendant's standpoint, that he, Gray, was about to attack him and to protect himself from such assault or threatened attack, you are instructed that he had the right to use such force as was necessary or as reasonably appeared to defendant to be necessary to protect himself from such assault, if any, or threatened attack, if any, of Gray, and if defendant used no more force than was reasonably necessary to protect himself from such attack or threatened attack as it appeared to defendant, you must acquit.

"If you shall find that Gray first assaulted York, or if before defendant assaulted Gray, it reasonably appeared to defendant from some act of Gray that he, Gray, was about to attack him, viewing the facts and circumstances from his, defendant's, standpoint, but if you find, beyond a reasonable doubt, that the defendant in repelling the assault, if any, of Gray, or threatened assault, if any, of Gray, used violence excessively beyond the degree of force reasonably necessary as it appeared to defendant to repel the assault or threatened aggression, if any, of Gray, he would be guilty of an aggravated or simple assault applying the facts to the law upon those offenses hereinafter given you in charge."

The jury, under these instructions, found the defendant guilty of assault with intent to murder. It may be, as appellant's counsel say in their brief, that both the accused and the assaulted party are men who stand high in their respective communities. If so, this fact was known to the jury who sat in judgment on the case. Under the State's evidence, it would appear that on Sunday afternoon, these two men met and had some words, and agreed to meet next morning at the store of Sam Baker to adjust matters; before going to the store, appellant

sharpened his knife; he went to the store first, and when Gray came, he was standing talking to Baker; Gray spoke to them both, and asked Baker a question about the matter they had been discussing the evening before, when, he says, defendant threw one arm over his right shoulder and cut him twice, and then, in the difficulty that ensued, cut him a number of times, three of the cuts being in the back, one under the arm, one in the side, one near the ear and one under the jaw. The attending physician testified he had to stitch up several of the wounds and the one under the arm cut an artery; that he considered this a dangerous wound—it did not lack much of going to the hollow. The knife used, when shown him, he said, was such an instrument as might produce death. From the State's standpoint, the difficulty was unprovoked, and the State's testimony fully supporting the verdict of the jury, we will not disturb their finding.

Judgment affirmed.

*Affirmed.*

[Rehearing denied January 10, 1912.—Reporter.]