J. H. BYERS v. THE STATE.

No. 12872. Rehearing denied December 3, 1930.
Reported in 33 S. W. (2d) 446.

The opinion states the case.

*Lewis M. Seay* of Groesbeck and *N. T. Stubbs* of Johnson City, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

A companion case is referred to as Owen v. State, 26 S. W. (2d) 251. It is deemed sufficient to refer to the case as above where the pertinent facts as given by the court will be found. Original opinion withdrawn and opinion on State's motion for rehearing substituted therefor.

*Reporter.*

### ON STATE'S MOTION FOR REHEARING.

MARTIN, JUDGE.—Offense, forgery of a land title; penalty, five years in the penitentiary.

This is a companion case to that of Owen v. State, 26 S. W. (2d) 251, and Gardner v. State, 26 S. W. (2d) 639, opinions in which were handed down the 26th day of February, 1930, and motions for rehearing overruled on the 2nd day of April, 1930. Sufficient of the incriminating facts against appellant appear in these cases, to which reference is here made. Some of appellant's contentions in this case are decided adversely to him in the opinions supra and will not be again discussed.

This case has been heretofore reversed and is now before us on State's motion for rehearing. A thorough consideration of the State's motion in the light of the record before us has convinced us that our opinion reversing this case was correct and in view of the disposition we make of same and the additional questions discussed and to conserve space, the original opinion is withdrawn and this is substituted in lieu thereof.

Appellant was shown to be a practicing attorney in Limestone County and testifying for himself claimed that he was only acting as the attorney for others in the consummation of the land deal in question without any knowledge that a forgery had been committed. It was the State's theory that the conspiracy to commit the crime of forgery and its execution occurred during the month of June, 1928. Appellant claims to have been out of the State during all of this time and to have known nothing of the death of Potter, the grantor in the alleged forged deed, until his return about the last of June, when he received a letter from Potter's son, which had been in his office for some time, advising him of the death of his father. He claims that the alleged forged deed was brought to him by Owen and at the instance of Owen and Gardner and as their attorney he attempted to assist in the negotiation of a loan on the land mentioned in the deed. His acts in connection with this loan appear to have occurred after the final commission, if any, of the crime of forgery. The effect of his testimony is that his only connection with this transaction was as attorney acting in good faith without any participation in the forgery or knowledge thereof. The Court submitted appellant's defense in the following language:

"If you believe from the evidence that the defendant, J. H. Byers, while acting as the attorney or Notary Public or as trustee for G. T. Gardner and E. F. Owen, or either of them, in good faith and without the knowledge of the forgery of the deed set out in the indictment, if it was forged, assisted the said G. T. Gardner and E. F. Owen, or either of them, in any way as an attorney, Notary Public or Trustee, in attempting to procure a loan on the tract of land described in the indictment, and if you believe that the defendant, J. H. Byers, so acted in good faith, without any knowledge of the forgery of said deed, if it was forged, and without causing or procuring the forgery of said deed, if it was forged, and without in any way aiding, assisting, advertising or encouraging the false making or forging of the said deed, if it was forged, and without being present and knowing the unlawful intent, aiding by acts or encouraging by words or gestures those actually engaged in the false making or forging of said deed, if it was forged, or if you have a reasonable doubt thereof, you will acquit the defendant, and say by your verdict, 'not guilty.' "

By proper exception appellant contends that the Court improperly abridged his defense in the use of the words "without the knowledge of the forgery of the deed set out in the indictment * * * assisted the

said G. T. Gardner and E. F. Owen * * * in attempting to procure a loan on the tract of land described in the indictment." He also asked a special charge attempting to cure this error. The entire record shows that the loan was attempted to be procured after the commission of the crime of forgery was complete. The legal question is, could appellant by assisting in procuring a loan under these circumstances commit the crime of forgery even if he then knew of same? If the crime of forgery was already complete, his subsequent connection with the parties guilty of its commission in endeavoring to procure a loan thereon might make him guilty of another offense or perhaps raise an issue as to his being an accessory to the original crime of forgery, but plainly such act could not relate back to an offense already completed, and make him a principal in its commission. In requiring the jury to believe that he assisted in procuring the loan without the knowledge of the forgery of the deed before being entitled to an acquittal, the Court, we think, failed to properly submit appellant's defense and by the use of the above language improperly abridged and limited it.

It was material to show in this case that appellant knew of the death of W. S. Potter, grantor in the alleged forged deed, in the early part of May, 1928. The Court permitted the State over proper objection to introduce in evidence a copy of a letter from George L. Potter, son of W. S. Potter, to appellant, purporting to be dated May 3, 1928, and which letter advised appellant of the death of W. S. Potter. This bill recites that the only predicate and all the testimony offered by the State for the introduction of this copy is the testimony of George L. Potter as follows: "I will examine the instrument which you are now exhibiting to me; this is a copy of a letter which I wrote on May 3, 1928. The original of this copy was written in answer to the letter which you just showed me." Appellant denied that he ever received such letter, but admitted that he received one containing the same information upon his return to the State the latter part of June, which purported to have been written in the last days of May. The predicate recited above was not sufficient. This testimony was inadmissible. We quote from Trezevant & Cochran v. R. H. Powell & Co., 130 S. W. 234: "The rule is that a letter will not be presumed to have been received by the addressee, unless it is shown that it was deposited in the post office properly addressed and stamped." This proof must have been available to the State and unless such fact is shown directly or circumstantially or unless the appellant admits receiving the letter, such copy is inadmissible.

Objections were made to the cross-examination of character witnesses offered by appellant questioning them concerning what they had heard against appellant relative to certain fraudulent land transactions. This we think was admissible as affecting their credibility and means of knowledge upon the issue tendered by appellant. Howard v. State, 37 Tex. Crim. Rep. 498; Branch's P. C., p. 117. However, by other bills it is shown that appellant as a witness was cross-examined in detail concerning these transactions and prejudicial facts elicited from him with reference thereto. This was improper. Dysart v. State, 46 Tex. Crim. Rep. 53; Kirksey v. State, 61 Tex. Crim. Rep. 641; Branch's P. C., Sec. 171. This perhaps is not sufficiently serious to work a reversal and we mention it only in view of another trial. The Court is not authorized to turn aside and try the issues of another transaction in no way related to the case on trial to determine whether appellant has been guilty of swindling or falsifying. Authorities supra.

For the two errors first above discussed a reversal is necessary.

State's motion for rehearing overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.